UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                          Case No.

EVELYN SANTIAGO,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American General Life Insurance Company hereby respectfully submits its Complaint for Declaratory Judgment against Defendant Evelyn Santiago, and states as follows:

### Parties

1. American General Life Insurance Company ("American General") is a corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas.

2. Evelyn Santiago ("Santiago") is a citizen of the State of Florida.

### Jurisdiction and Venue

3. American General and Santiago are citizens of different states and, as more fully set out below, the matter in controversy exceeds the sum of $75,000,

1

exclusive of interest and costs. Thus, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4. This Court is the proper venue of this declaratory judgment action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Lee County, Florida, which is in the Middle District of Florida pursuant to 28 U.S.C. § 89(b).

5. American General seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## Factual Background

6. American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

7. On or about February 8, 2023, Santiago applied for a $250,000 life insurance policy with American General in Lee County, Florida. *See* Application Part A and Part B, attached hereto as **Exhibit A**.

8. Santiago completed Individual Life Insurance Application Single Insured – Part A and Life Insurance Application Part B (Medical History) in which

she responded to a series of questions seeking material information regarding, among other things, her health and medical history. *See id.*

9. Santiago signed Part A and Part B of the Application.

10. Santiago knew she was required to provide complete, accurate, and honest answers to the questions presented in Part A and Part B of the Application.

11. Santiago also knew American General would rely on her answers in Part A and Part B of the Application to determine whether to issue a policy to her.

12. Santiago signed Part A and Part B of the Application. *See id.*

13. Part A of the Application contained the following affirmation above Santiago's signature:

> I, the Primary Proposed-Insured (and any Owner or Other Proposed Insured signing below) acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.
>
> Except as may be provided in any Limited Temporary Life Insurance Agreement ("LTLIA"), I understand and agree that, even if I paid a

> premium, no insurance will be in effect under this application or under any new policy or any rider(s) that may be issued by the Company unless or until all three of the following conditions are met: (1) the policy has been delivered and accepted; (2) the full first modal premium for the issued policy has been paid; and (3) there has been no change in the health of any Proposed Insured(s) that would change the answer to any question in the application before items (1) and (2) in this paragraph have occurred. I understand and agree that, if all three conditions above are not met: (1) no insurance will be in effect; and (2) the Company's liability will be limited to a refund of any premiums paid, regardless of whether loss occurs before premiums are refunded.

*See id.*

14. Part B of the Application contained a similar affirmation above Santiago's signature:

> I, the Proposed Insured signing below, acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

*See id.*

15. On or about December 8, 2023, Santiago signed a Policy Acceptance and Amendment of Application form, which contained the following affirmation:

> I represent, on behalf of myself and any person who may have been proposed for insurance, that to the best of my knowledge and belief:
>
> 1. There have been no changes since the date of the application in my health or in any other condition; and
>
> 2. Neither I nor any other proposed insured has, since the date of the application:
>
>> a. Consulted a licensed health care provider or received medical or surgical advice or treatment; or
>>
>> b. Acquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete.

*See* Policy Acceptance and Amendment of Application Form, attached hereto as **Exhibit B**.

16. The Policy Acceptance and Amendment of Application Form further stated Santiago "agree[d] that this Policy Acceptance and Amendment of Application will be made a part of the policy." *See id.*

17. On or about December 15, 2023, American General issued life insurance policy number 4230129843 with a face amount of $250,000 insuring the life of Santiago (the "Policy"). *See* Policy, attached hereto as **Exhibit C**.

18. Santiago is the owner of the Policy. *See id.*

19. The Policy identifies three conditions precedent before any coverage under the Policy comes into effect: (1) the Policy must be delivered and accepted;

5

(2) the full first modal premium must be paid; and (3) there must have been no change in the health of Santiago that would change her answers to any of the questions in Part A and Part B of the Application. *See id.*

20. Following the issuance of the Policy, American General obtained additional information indicating that a number of Santiago's representations on Part B of the Application concerning her medical history were not true at the time the Policy was placed in force.[1]

21. Specifically, Santiago made material misrepresentations and omissions in response to Questions 1, 2, 5B3, 5B7, 5C, 5H1, 5H2, and 5L of Part B of the Application.

22. For Question 1 requesting Santiago provide "Date of last office visit, reason, findings and treatment" with her personal physician, she responded "REASON: ANNUAL (YEARLY, ROUTINE) EXAM, CHECKUP, PHYSICAL, EMPLOYMENT PHYSICAL, DOT PHYSICAL, SCHOOL/SPORTS PHYSICAL." *See* Ex. A.

23. For Question 2 asking "Does the Proposed Insured have a pending medical appointment or have the intent to make a medical appointment within the

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American General is unable to further elaborate on the exact nature of Santiago's misrepresentations. If required at some later time, American General will file the relevant materials under seal with the Court.

6

next three months?," Santiago responded "Yes. Date Not Set Yet. Checkup Every 6 Months or More." *See id.*

24. For Question 5B3 asking "Has the Proposed Insured ever been diagnosed as having, been treated for, or consulted a member of the medical profession for: cancer, leukemia, lymphoma, tumors or growths, masses, cysts or other similar abnormalities?," Santiago responded "No." *See id.*

25. For Question 5B7 asking "Has the Proposed Insured ever been diagnosed as having, been treated for, or consulted a member of the medical profession for: disorder of the kidneys, bladder, prostate or reproductive organs or protein or blood in the urine?," Santiago responded "No." *See id.*

26. For Question 5C asking "Other than previously stated, has the Proposed Insured taken any medications, had treatment or therapy or been under medical observation (excluding AIDS, HIV, or ARC) within the past 12 months?," Santiago responded "No." *See id.*

27. For Question 5H1 asking "Other than previously stated, in the past 5 years, has the Proposed Insured: been hospitalized, consulted a member of the medical profession or had any illness, injury or surgery?," Santiago responded "No." *See id.*

28. For Question 5H2 asking "Other than previously stated, in the past 5 years, has the Proposed Insured: been advised by a member of the medical

7

profession concerning any abnormal diagnostic test results, been advised to see a specialist, or been advised to have any diagnostic test, hospitalization, surgery, or treatment that was NOT completed (except for those tests related to the Human Immunodeficiency Virus), or does the proposed insured have any test results pending?," Santiago responded "No." *See id.*

29. For Question 5L asking "Has the Proposed Insured been treated for or been diagnosed by a member of the medical profession for any other medical, physical, or psychological condition NOT disclosed above?," Santiago responded "No." *See id.*

30. Santiago's responses to each of the above-listed questions were false.

31. Santiago's false responses to each of the above-listed questions were material.

32. American General relied on Santiago's responses to each of the above-listed questions in issuing the Policy.

33. Santiago's material misrepresentations and omissions in response to each of the above-listed questions were made fraudulently and knowingly.

34. Had American General's underwriters been aware of Santiago's true medical condition and the true facts concerning her health history and conditions, American General would not have issued the Policy.

35. On or about October 16, 2025, American General informed Santiago by letter that based upon the material misrepresentations and omissions in the Application and the failure of necessary conditions precedent for coverage to be in effect, the Policy was being rescinded and all premiums paid refunded to her. *See* Rescission Letter, attached hereto as **Exhibit D**.

36. The letter enclosed a Voluntary Rescission Agreement for Santiago to execute and return to American General if she agreed to rescission of the Policy. *See id.*

37. American General also issued Santiago a refund check for all premiums paid for the Policy.

## Count One
### Declaratory Judgment Based on Failure of Conditions Precedent

38. American General incorporates Paragraphs 1-37 herein by reference.

39. Before any coverage under the Policy comes into effect, the following three things must occur: (1) the Policy must be delivered and accepted, (2) the full first modal premium for the Policy must be paid, and (3) there has been no change in the health of Santiago that would change the answers to any of the questions in the Application.

40. Santiago's medical records demonstrate she had significant changes in her health, condition, treatment, and diagnosis history before coverage under

the Policy came into effect, which would change the answers to the questions in the Application.

41. As a result, necessary conditions precedent for the Policy to take effect were not satisfied.

42. American General is therefore entitled to a judicial declaration stating that the Policy did not take effect due to the failure of necessary conditions precedent.

43. An actual controversy exists as to whether the Policy took effect due to the failure of necessary conditions precedent.

44. A declaratory judgment regarding whether the Policy took effect due to the failure of necessary conditions precedent will completely resolve the controversy between the parties.

## Count Two
### Declaratory Judgment Based on Misrepresentations

45. American General incorporates Paragraphs 1-37 herein by reference.

46. In executing the Policy Acceptance and Amendment of Application form, Santiago made material misrepresentations and omissions concerning her health conditions by representing that there had been no changes in her health and that she had not consulted a licensed health care provider or received medical or surgical advice or treatment or otherwise acquired any knowledge or belief that the statements made in the Application were then inaccurate or incomplete.

47. American General in good faith would not have issued the Policy had Santiago's true medical history and conditions been known. American General was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability.

48. As a result of Santiago's material misrepresentations and omissions, the Policy was void *ab initio* and American General is entitled to rescind the Policy.

49. American General is therefore entitled to a judicial declaration pursuant to Fla. Stat. § 627.409 stating that: (a) the Policy did not take effect due to Santiago's material misrepresentations and omissions; and/or (b) the Policy was void *ab initio* as a result of these misrepresentations and omissions.

50. An actual controversy exists as to whether the Policy was properly rescinded.

51. A declaratory judgment regarding whether the Policy was properly rescinded will completely resolve the controversy between the parties.

## Requested Relief

WHEREFORE, Plaintiff American General Life Insurance Company respectfully requests the Court:

(a) declare American General Life Insurance Company was entitled to rescind life insurance policy number 4230129843 insuring the life of Evelyn Santiago and the Policy to be void *ab initio*; and

(b) award American General Life Insurance Company such other and further relief as the Court deems just and proper.

Dated: November 24, 2025

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

*s/ Louis F. Mendez*
David P. Donahue
Fla. Bar No. 119885
Louis F. Mendez
Fla. Bar No. 99558
2001 Park Place, Suite 1500
Birmingham, AL 35203
Telephone: (205) 719 0400
lmendez@bressler.com

*Attorneys for Plaintiff American General Life Insurance Company*